UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDALE SHANNON, JR., | No. 2:25-cv-2620 AC P |
| Petitioner, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| KATHLEEN ALLISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

After reviewing the petition for habeas corpus, it appears that petitioner has failed to exhaust state court remedies for Claim Four. ECF No. 1 at 5, 9. The petition states that petitioner's counsel did not present Claim Four on appeal but that "it should be reviewed under the actual innocence exception." Id. at 5. Review of the California Supreme Court's docket confirms that petitioner has not filed anything else with that court since his direct appeal.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). "District courts are permitted to *sua*

1

*sponte* consider threshold constraints on federal habeas petitioners, including claim exhaustion." Atkins v. Montgomery, No. 20-56007, 2024 WL 3594386, at *2, 2024 U.S. App. LEXIS 18985, at *4 (9th Cir. 2024) (citation omitted); Day v. McDonough, 547 U.S. 198, 206 (2006) ("federal appellate courts have discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level" (citation omitted)).

Federal courts are barred from adjudicating mixed petitions for habeas corpus, which are petitions containing both exhausted and unexhausted claims. Rhines v. Weber, 544 U.S. 269, 273 (2005). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all federal claims to the highest state court before presenting them to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). This means that "a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). This total exhaustion requirement has two exceptions: when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Because Claim Four is unexhausted on its face, the petition is mixed and cannot be considered by this court as presented because the court can only consider fully exhausted petitions. Petitioner will therefore be required to show cause why the petition should not be dismissed for failure to exhaust his state court remedies as to all claims. This means that he must show either that (1) he has presented Claim Four to the California Supreme Court or (2) an exception to the exhaustion requirement applies. While a claim of actual innocence can excuse a procedural default,[1] see Schlup v. Delo, 513 U.S. 298, 315-16 (1995), it is not a substitute for exhaustion.

---

[1] To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

Failure to demonstrate that Claim Four is exhausted or that the exhaustion requirement is excused will result in a recommendation that Claim Four be dismissed without prejudice and the petition proceed on Claims One, Two, and Three. Petitioner may also voluntarily dismiss Claim Four or voluntarily dismiss the entire petition if he does not want to proceed on the petition without Claim Four.[2] If Claim Four is in fact unexhausted, as it appears, petitioner may file a motion to stay this case while he returns to state court to exhaust his claims. **Petitioner is advised that if Claim Four is unexhausted, he does not require and should not wait for an order from this court to exhaust his claims in state court; rather, he should pursue his claims in state court without delay**.

The first type of a stay petitioner may pursue is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). Under Rhines, the court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78. If petitioner decides to move for a stay, he must address all three factors.

The second type of a stay is referred to as a "Kelly" stay. See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under Kelly, a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires the petitioner to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause

---

[2] Claim Four asserts that if the theory of guilt under which petitioner was found guilty is determined to be unconstitutional, "retrial should be barred under the double jeopardy clause." ECF No. 1 at 9. Though unclear, it appears that petitioner may be attempting to prevent a retrial in the event his federal petition is granted rather than challenging a retrial that has already occurred. Petitioner is advised that if he is attempting to prevent a hypothetical retrial, any potential constitutional violation is entirely speculative at this point and does not state a claim for relief.

1  for the failure to exhaust.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a
2  Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due
3  to the one-year statute of limitations governing federal habeas claims.  See King, 564 F.3d at
4  1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend
5  his unexhausted claims back into his federal petition once he has exhausted them **only** if those
6  claims are determined to be timely.  Demonstrating timeliness will often be problematic under the
7  now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1) (stating that
8  a one-year period of limitation shall apply to all federal habeas petitions challenging a state court
9  judgment).

10  Finally, petitioner may dismiss Claim Four of the petition or the entire petition without
11  prejudice while he returns to state court to exhaust his claims, as it appears the statute of
12  limitations has not yet begun to run and therefore has yet to expire.  Based on both the petition
13  and the California Supreme Court's website, petitioner's petition for review on direct appeal was
14  denied on July 23, 2025.[3]  ECF No. 1 at 2.  Unless petitioner files a petition for certiorari with the
15  United States Supreme Court, it appears that his judgement will become final on October 21,
16  2025, at the expiration of the ninety-day period to seek certiorari, Clay v. United States, 537 U.S.
17  522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  This means that, if
18  petitioner does not file a petition for writ of certiorari, the statute of limitations to file a federal
19  habeas petition will expire on October 21, 2026.  See 28 U.S.C. § 2244(d)(1) (setting forth one-
20  year statute of limitations).  If petitioner decides to file a petition for writ of certiorari, the
21  expiration of the statute of limitations may be different.  Additionally, the statute of limitations is
22  tolled during the time that a *properly* filed application for state post-conviction or other collateral
23  review is pending in state court.  28 U.S.C. § 2244(d)(2).  However, the "statute of limitations is
24  not tolled from the time a final decision is issued on direct state appeal and the time the first state
25  collateral challenge is filed because there is no case 'pending' during that interval," Nino v.

---

[3] See Docket for California Supreme Court Case No. S291212, https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=3132756&doc_no=S291212&request_token=NiIwLSEnTkg%2FWzBVSCMtSEpIMFQ0UDxTKiJOTztTUCAgCg%3D%3D [https://perma.cc/VG6K-7FQ4].

Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled in part on other grounds, Carey v. Saffold, 536 U.S. 214 (2002), and state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect, Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citing Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001)).  Therefore, because timeliness is dependent upon petitioner's actions, if petitioner chooses to voluntarily dismiss the petition, the court makes no guarantee that a later filed petition will be timely.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Within thirty days of the service of this order, petitioner shall show cause why Claim Four should not be dismissed as unexhausted.  He may alternatively choose to voluntarily dismiss Claim Four without prejudice.

        2.  Within thirty days of the service of this order, petitioner may file a motion for stay under Rhines or Kelly, as set forth above.

DATED: October 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE